UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SOUTH MILL MUSHROOM, LLC**, a Delaware corporation,<br><br>**Plaintiff**,<br><br>vs.<br><br>**WHITNEY FOODS, INC.**, an Illinois corporation; **JOSEPH FITZGERALD**, an individual; and **WHITNEY FITZGERALD**, an individual,<br><br>**Defendants.** | Case No. |

## CIVIL ACTION COMPLAINT

Plaintiff, South Mill Mushroom, LLC, a Delaware corporation, commences this lawsuit to seek damages against Defendant, Whitney Foods, Inc., an Illinois corporation, for its failure to pay for the produce it purchased from South Mill Mushroom, LLC, and to enforce its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, federal common law, and state law against Defendants.

## PARTIES

1. Plaintiff is South Mill Mushroom, LLC, a Delaware corporation, authorized to do business in Pennsylvania, with its principal place of business located in Kennett Square, Pennsylvania ("South Mill").

2. Defendants are:

    a) Whitney Foods, Inc., an Illinois corporation, with its principal place of business located in Chicago, Illinois ("Whitney Foods").

    b) Joseph Fitzgerald, an individual who resides in this district ("J. Fitzgerald").

c) Whitney Fitzgerald, an individual who resides in this district ("W. Fitzgerald").

## JURISDICTION

3. In accordance with 28 U.S.C. §1331, this Court has jurisdiction over this action because South Mill's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over South Mill's other claims.

## VENUE

5. Venue in this district is proper under 28 U.S.C. §1391(b), because a substantial part of the events and omissions underlying this lawsuit occurred in this district, Whitney Foods had an operation in this district during the transactions at issue, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. South Mill is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (known in the industry as "produce") in interstate commerce.

7. During the transactions at issue, South Mill held valid a PACA license, number 20170742, issued by the United States Department of Agriculture ("USDA").

8. During the transactions at issue, Whitney Foods held a valid PACA license, number 20110760, issued by the USDA.

9. Between October 12, 2018, and January 27, 2019, South Mill sold to Whitney Foods, in interstate commerce, and Whitney Foods purchased, produce in the total invoice amount of $21,683.30.

10. Whitney Foods accepted the produce at issue without objection.

11. Whitney Foods failed to pay for the produce sold to it by South Mill, despite its repeated demands for payment.

12. South Mill issued and sent invoices to Whitney Foods reflecting the agreed upon amounts owed by Whitney Foods.

13. South Mill's invoices included additional terms and conditions for payment of pre-judgment interest accruing at the rate of 18% per annum.

14. The invoice issued and sent to Whitney Foods by South Mill provided for payment of attorneys' fees and costs if collection action becomes necessary.

15. Whitney Foods neither denied receiving the invoices or produce at issue from South Mill, nor the terms and conditions stated on the invoices.

## CLAIMS FOR RELIEF

### COUNT I: WHITNEY FOODS

### BREACH OF CONTRACT

16. South Mill re-alleges ¶¶1 through 15.

17. As detailed in ¶9, South Mill entered into contracts with Whitney Foods for the purchase and sale of produce in interstate commerce.

18. Whitney Foods breached those contracts by failing to pay for the produce it purchased from South Mill.

19. South Mill issued invoices to Whitney Foods for the produce.

20. South Mill fully performed all conditions precedent to the agreed contracts.

21. South Mill has incurred damages resulting from Whitney Foods' breach of contract in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, South Mill seek entry of a judgment in its favor and against Whitney Foods in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and applicable attorneys' fees.

## COUNT II: ALL DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U. S.C. §499e(c)*

22. South Mill re-alleges ¶¶1 through 21.

23. As detailed in ¶9, South Mill entered into contracts with Whitney Foods for the purchase and sale of produce in interstate commerce.

24. Whitney Foods, a PACA licensee, was engaged in the business of buying and selling produce as a commission merchant, dealer, or broker for all of the transactions at issue.

25. At the time Whitney Foods received the produce, it became a trustee of the PACA trust for South Mill's benefit in the amount of $21,683.30.

26. As a holder of a valid PACA license, South Mill preserved its rights as a PACA trust beneficiary of Whitney Foods by including the required statutory statement on the face of its invoices and timely sending them to Whitney Foods, as contemplated under 7 U.S.C. §499e(c)(4).

27. Whitney Foods failed to pay for the produce sold to it by South Mill.

28. South Mill is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Whitney Foods' assets subject to the PACA trust, 7 U.S.C. §499e(c).

For these reasons, South Mill seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $21,683.30 against Whitney Foods, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT III: WHITNEY FOODS

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)*

29. South Mill re-alleges ¶¶1 through 28.

30. Assets subject to the PACA trust include Whitney Foods' inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

31. Whitney Foods is in possession, custody, and control of PACA Trust Assets that belong to South Mill.

32. Whitney Foods must hold PACA Trust Assets for South Mill's benefit.

33. Whitney Foods failed to use the PACA Trust Assets to pay South Mill for the purchases and sales of produce described in ¶9.

34. As a result, South Mill has suffered damages in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, South Mill seeks an Order directing Whitney Foods to immediately pay to South Mill, as its PACA trust beneficiary, PACA Trust Assets equal to the sum of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

**COUNT IV: WHITNEY FOODS**

**FAILURE TO MAINTAIN PACA TRUST ASSETS AND
CREATION OF COMMON FUND**
*7 U.S.C. §499b(4)*

35. South Mill re-alleges ¶¶1 through 34.

36. Whitney Foods received the shipments of produce described in ¶9.

37. PACA requires Whitney Foods, as a PACA trustee, to hold the PACA Trust Assets in trust for South Mill's benefit and other unpaid sellers and suppliers of produce, if any, that possess valid PACA trust claims, until all have been paid in full.

38. Whitney Foods failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including South Mill's claims asserted in this action.

39. South Mill has suffered damages resulting from Whitney Foods' failure to maintain and protect the PACA Trust Assets from dissipation in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, South Mill seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:

(i) Directing Whitney Foods to maintain PACA Trust Assets in the amount of $21,683.30, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims;

(ii) Directing Whitney Foods to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(iii) Enjoining Whitney Foods from dissipating PACA Trust Assets.

## COUNT V: WHITNEY FOODS

### FAILURE TO PROMPTLY PAY
*7 U.S.C. §499b(4)*

40. South Mill re-alleges ¶¶1 through 39.

41. In accordance with PACA, 7 C.F.R. §46.2(aa), Whitney Foods must tender full payment promptly to its unpaid produce suppliers and sellers.

42. Whitney Foods failed to pay for the produce supplied by South Mill within the payment terms for each of the transactions.

43. South Mill has incurred damages resulting from Whitney Foods' failure to pay promptly in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, South Mill seeks an Order directing Whitney Foods to immediately pay South Mill the sum of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VI: J. FITZGERALD AND W. FITZGERALD

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

44. South Mill re-alleges ¶¶1 through 43.

45. During the transactions at issue, J. Fitzgerald and W. Fitzgerald ("Individual Defendants") were officers, directors, investors, shareholders, or employees of Whitney Foods.

46. Individual Defendants were as principals on Whitney Foods' PACA license.

47. In their capacities, Individual Defendants controlled, or were in positions to control Whitney Foods' PACA Trust Assets.

48. Individual Defendants each had full knowledge and responsibility for Whitney Foods' operations and financial dealings.

49. Individual Defendants each had a duty to ensure that Whitney Foods fulfill its duties as trustee of the PACA trust.

50. Individual Defendants each had a duty to ensure that Whitney Foods maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

51. Whitney Foods breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

52. Individual Defendants breached their respective fiduciary duties by failing to ensure that Whitney Foods fulfill its duties as PACA trustee.

53. South Mill has suffered damages resulting from Individual Defendants' breach of their respective fiduciary duties in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, South Mill seeks entry of a judgment in its favor and against J Individual Defendants – jointly and severally - in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies South Mill receives from the PACA Trust Assets.

## COUNT VII: J. FITZGERALD AND W. FITZGERALD

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

54. South Mill re-alleges ¶¶1 through 53.

55. South Mill believes that Whitney Foods transferred PACA Trust Assets to Individual Defendants.

56. Any transfers of PACA Trust Assets by Whitney Foods to Individual Defendants were in breach of the PACA trust, as such assets rightfully belong to South Mill and similarly situated PACA trust beneficiaries of Whitney Foods.

57. Individual Defendants' unlawful retention of assets impressed with South Mill's PACA trust has resulted in damages to South Mill in an amount totaling the value of the PACA Trust Assets they each received, less any PACA Trust Assets South Mill recovers directly from Whitney Foods.

For these reason, South Mill seeks an Order:

(i) Directing Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for South Mill's benefit;

(ii) Directing Individual Defendants to pay an amount totaling all of the assets they each received that were impressed with the PACA trust to South Mill; and

(iii) Entering Judgment against Individual Defendants – jointly and severally - in an amount totaling all of the assets they received that were impressed with the PACA trust to the extent of $21,683.30, plus interest, costs, and attorneys' fees, less any recovery of PACA Trust Assets from Whitney Foods.

**FOR THESE REASONS,** South Mill requests:

A. On Count I, entry of Final Judgment in its favor and against Whitney Foods, in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that South Mill possesses a valid PACA trust claim in the amount of $21,683.30 against Whitney Foods, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

C. On Count III, an Order directing Whitney Foods to immediately pay PACA Trust Assets to South Mill equal to the sum of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D. On Count IV, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Whitney Foods to maintain PACA Trust Assets in the amount of $21,683.30, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing Whitney Foods to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Whitney Foods from dissipating PACA Trust Assets;

E. On Count V, an Order directing Whitney Foods to immediately pay South Mill the sum of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F. On Counts II through V, entry of Final Judgment in South Mill's favor and against Whitney Foods, in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees;

G. On Count VI, entry of a Final Judgment in South Mill's favor and against Individual Defendants – jointly and severally - in the amount of $21,683.30, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies South Mill recovers from the PACA Trust Assets;

H. On Count VII, an Order directing Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for South Mill's benefit, directing Individual Defendants to pay South Mill an amount totaling all of the assets they received that were impressed with the PACA trust, and entering Judgment against

Individual Defendants in an amount totaling all of the assets they received that were impressed with the PACA trust to the extent of $21,683.30, plus interest, costs, and attorneys' fees, less any recovery of PACA Trust Assets from Whitney Foods; and

I. Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted on May 13, 2019.

**MEUERS LAW FIRM, P.L.**

By: /s/Steven M. De Falco
Steven M. De Falco
Illinois Bar No. 6281265
5395 Park Central Court
Naples, FL  34109-5932
Telephone:  (239) 513-9191
Facsimile: (239) 513-9677
sdefalco@meuerslawfirm.com

*Attorneys for Plaintiff*